**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re BART LOEB,

    Debtor.
_____/

BART LOEB and NEW SUPER SALE, INC.

    Appellants,

v.                                              Case No. 06-CV-13743-DT
                                                      Bankruptcy No. 05-78538

HARTZ MOUNTAIN DEVELOPMENT
CORPORATION d/b/a MEADOWLANDS
EXPOSITION CENTER,

    Appellee.
_____/

**OPINION AND ORDER VACATING THE BANKRUPTCY COURT'S
"ORDER FOR ENTRY OF DEFAULT" AND REMANDING**

Pending before the court is Appellant Bart Loeb's August 18, 2006 "Notice of Appeal," and Appellee Hartz Mountain Development Corporation's ("Hartz's") September 14, 2006 "Motion to Dismiss Appeal of Order Striking Pleadings." Having reviewed the briefs, and the bankruptcy court's docket, the court has identified procedural irregularities that preclude appellate review. Accordingly, the court will vacate the bankruptcy court's "Order for Entry of Default" and remand for further proceedings not inconsistent with this opinion.

**I. BACKGROUND**

The following facts are uncontested. On January 2, 2006, Hartz filed a complaint with the United States Bankruptcy Court for the Eastern District of Michigan against Loeb regarding the dischargeability of a debt Loeb allegedly owes Hartz. Loeb, through

his attorney Mark Davis, filed an answer to the complaint.  It came to Hartz's attention that Davis had not been admitted to practice before the Eastern District of Michigan, which includes the Bankruptcy Court, and Hartz contacted Davis regarding this issue on May 18, 2006.  Davis responded to a second correspondence on Wednesday May 31st, claiming that his application would be complete after he paid the $200 filing fee.  Hartz wrote back that same day, informing Davis that he would also have to be sworn in by a judge before being admitted to practice, and that if Davis had not done so by the next Monday, Hartz would bring the issue to the attention of the bankruptcy judge.

On June 20, 2006, Hartz filed its "Motion to Strike Pleadings," because as of that date, Davis still had not been admitted.  In its motion, Hartz requested the bankruptcy court enter an order striking all of Loeb's pleadings, and award Hartz its fees and costs related to the motion.  In a July 5, 2006 response, Davis asserted that he paid the necessary $200 fee for admission.  Because Davis also asked that the bankruptcy court swear him in at the next pretrial conference, thus eliminating his deficiency, Davis argued that the motion should be denied.  The bankruptcy court scheduled a hearing for July 25, 2006 on Hartz's motion to strike.  Davis filed a motion to reschedule the hearing because his mother had planned an annual family gathering in Maine for that date.  The bankruptcy court adjourned the hearing to August 1, 2006.  Despite Davis's representation that he would be available any time in August save a couple dates later in the month, Davis failed to appear at the rescheduled hearing date.[1]  At the hearing,

---

[1] Davis claims that he returned from the family reunion on July 31, 2006, and as a solo practitioner campaigning for office and catching up on a week's worth of work, he did not realize the hearing was scheduled for the next day.  (Appellant's Br. at 3.)

the bankruptcy court granted Hartz's motion to strike Loeb's pleadings, and awarded Hartz its costs associated with the motion. An order to that effect was entered on August 2, 2006. Hartz filed an "Application for Default" with the bankruptcy court two days later. The bankruptcy court entered an "Order for Entry of Default" and closed the case on August 11, 2006. Later that day, Loeb, proceeding *pro se*, filed an answer to the complaint.

Because Davis still had not been admitted to practice in the Eastern District of Michigan, Loeb and Davis jointly filed a *pro se* notice of appeal on August 18, 2006, appealing the bankruptcy court's August 11, 2006 "Order for Entry of Default."[2] After Davis was admitted to practice on August 29, 2006, he filed a brief on appeal on Loeb's behalf, asserting three assignments of error: (1) the bankruptcy court erred in entering its "Order for Entry of Default"; (2) the bankruptcy court erred when it struck the pleadings; and (3) the bankruptcy court erred in awarding Hartz its costs relating to the motion to strike pleadings.[3] Hartz filed a motion to dismiss Loeb's appeal of the order striking pleadings because it was allegedly untimely. Hartz also filed its brief on appeal, addressing the merits of Loeb's first assignment of error.

## II. DISCUSSION

Federal Rule of Bankruptcy Procedure 7055 states that "Rule 55 F.R.Civ.P. applies in adversary proceedings." Federal Rule of Civil Procedure 55 governs both

---

[2] Davis asserts he had *pro se* standing because the bankruptcy court's "Order Striking Pleadings" awarded costs against both Loeb and Davis personally.

[3] The court notes that, pursuant to this order, Hartz sent Loeb a letter notifying him of its costs of $1,081.50. (Appellee's Ex. C.) Loeb, without explanation, characterizes this letter as inappropriate. (Appellant's Br. at 7.)

defaults and default judgments. Rule 55(a) applies to entries of default, and states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, *the clerk shall enter the party's default*," (emphasis added). Rule 55(b)(1) allows the clerk to also enter a default judgment in a few specified cases; otherwise, Rule 55(b)(2) provides that the court may enter a default judgment.

"An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975)). As another district court has stated,

> [t]he section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.[4]

*Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004); s*ee also Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (quoting *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Penn. 1985)) ("Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local #245 of*

---

[4] While there is an exception to this rule when a court enters a default judgment as a discovery sanction under Federal Rule of Civil Procedure 37, this exception does not apply here because the bankruptcy court's "Order for Entry of Default" clearly states that the basis for Appellant's default was his failure "to plead or otherwise defend in this case as required by law." *See Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (citing 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2682 (1983)) ("When a party has 'failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

*the Jersey City Public Employees Union*, 511 F. Supp. 171, 176 (D. N.J. 1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment."). *But see In re Suprema Specialties, Inc. v. Silverman*, 330 B.R. 40, 47 (S.D.N.Y. 2005) (finding that "the Bankruptcy Court's grant of a default judgment without requiring prior entry of a default by the clerk was not erroneous as a matter of law," when the appellant was actually in default and the bankruptcy court had noted this fact on the record during a prior conference).

The court follows the majority of courts in finding that a plain reading of Federal Rule of Civil Procedure 55 requires a clerk's entry of default before a court can enter a default judgment.[5] Local Bankruptcy Rule 7055-1 lends support to this reading of Rule 55 in the bankruptcy context because it assumes a clerk's entry of default occurs before a default judgment is entered: "*Within* 15 days after the clerk has entered a party's default, the opposing party shall apply for entry of a default judgment."[6]

Like the plaintiff in *Ramada*, Hartz filed a motion with the court for entry of default when it should have filed an application with the clerk instead. *See Ramada*, 220 F.R.D. at 305. Nevertheless, in *Ramada*, the court determined that the plaintiff's

---

[5] Hartz provides no support for its proposition that a Rule 55(a) clerk's entry of default is required only before a clerk's entry of default judgment under Rule 55(b)(1), and not before a court's entry of default judgment under Rule 55(b)(2). (Appellee's Br. at 3.)

[6] Loeb erroneously argues that Hartz would need to wait until 15 days *after* a clerk's entry of default. (Appellant's Br. at 4.)

application sufficiently demonstrated default, and therefore signed an order directing the clerk to enter a default pursuant to Rule 55(a). *Id.*[7] In doing so, however, the *Ramada* court clarified that because "an entry of default is a prerequisite to a default judgment . . . a default judgment cannot be granted until a default is entered by the Clerk." *Id.* Therefore, the *Ramada* court found that, to the extent the plaintiff was moving for a default judgment, that motion was denied without prejudice as premature. *Id.* The *Ramada* court stated that the plaintiff could move for a default judgment, and the defendant could move to set aside the default, after the clerk had entered the defendant's default. *Id.* at 305-06.

Unlike the *Ramada* court, however, the bankruptcy court in this case both entered an "Order for Entry of Default" and closed the case. The court is unclear whether the bankruptcy court (1) merely ordered the clerk to enter a default, and then closed the case without ever entering a default judgment; (2) entered both a default and a default judgment simultaneously; or (3) entered a default judgment without a default having been entered at all. In any of the above scenarios, the bankruptcy court failed to follow the procedures laid out in Federal Rule of Civil Procedure 55.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the bankruptcy court's August 11, 2006 "Order for Entry of Default" is VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.

---

[7] This course of action finds support in Eighth Circuit. See *Johnson*, 140 F.3d at 783 ("The district court properly construed its initial order [granting a party's motion for default judgment before the clerk had entered an entry of default] as an entry of default.").

IT IS FURTHER ORDERED that Appellant's appeal of the bankruptcy court's "Order Striking Pleadings" is DENIED WITHOUT PREJUDICE as premature because of the lack of a final, appealable order.

IT IS FURTHER ORDERED that Appellee's "Motion to Dismiss Appeal of Order Striking Pleadings" is DENIED as moot.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: October 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2006, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522